IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 24-cv-08367 |
| ) | |
| CHASE REAL ESTATE, LLC, LORI MIKOSZ, ) | |
| MARCIN CHOJNACKI, and ROBERT RIXER, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, HARTFORD FIRE INSURANCE COMPANY ("**Hartford**"), by its attorneys, Michael J. Duffy, Michael J. O'Malley and Alan M. Posner of Wilson Elser Moskowitz Edelman & Dicker LLP, states as follows for its Complaint for Declaratory Judgment against Defendants Chase Real Estate, LLC ("**Chase**"), as well as real estate agents Lori Mikosz ("**Mikosz**"), Marcin Chojnacki ("**Chojnacki**"), and Robert Rixer ("**Rixer**") (collectively the "**Agents**").

**STATEMENT OF CASE**

1. This action seeks a declaration that Hartford owes no insurance coverage obligations under Hartford Policy Number 83 OH0387133 to Chase, Mikosz, Rixer or Chojnacki for claims made against one or more of them in thirteen Underlying Suits[1] filed in the United States District Court for the Northern District of Illinois, or, in the alternative, that coverage is limited to a single policy limit.

2. In each of the thirteen Underlying Suits, plaintiffs, purchasers of real estate, alleged that they were defrauded by Chase, Mikosz, Rixer, Chojnacki, and/or others in transactions whereby Chase and/or its agents engaged in a scheme of making false representations about investment properties for the purpose of inducing them to purchase, including stating falsely that the seller in such transactions was an

---

[1] The Underlying Suits are described below in Paragraph 8.

unrelated third party when in fact they or their affiliates were the real sellers of said properties. See Exhibits A-M.

## THE PARTIES

3. Hartford is an insurance company formed under the laws of the State of Connecticut with its principal place of business in Connecticut.

4. Defendant Chase is a limited liability company formed under the laws of the State of Illinois whose members are all citizens of the State of Illinois and in any case, not citizens of the State of Connecticut.

5. Defendant Mikosz is a citizen of the State of Illinois.

6. Defendant Rixer is a citizen of the State of Illinois.

7. Defendant Chojnacki is a citizen of the State of Illinois.

## THE UNDERLYING SUITS

8. The **Underlying Suits** are as follows:

   i. *Abbas v. Mikosz,* United States District Court for the Northern District of Illinois, No. 1:23 cv-01691 ("**Abbas suit**"). A copy of the complaint in the Abbas suit is attached hereto as Exhibit A.

   ii. Haynes v. Fairview Avenue Properties LLC, United States District Court for the Northern District of Illinois, No. 1:23-cv-01596 ("**Hayes suit**"). A copy of the complaint in the Haynes suit is attached hereto as Exhibit B.

   iii. *Michel v. Marcin Chojnacki*, United States District Court for the Northern District of Illinois, No, 1:23-cv-02546 ("**Michel suit**"). A copy of the complaint in the Michel suit is attached hereto as Exhibit C

   iv. *Chen v. Chojnacki,* United States District Court for the Northern District of Illinois, No. 1:23-cv-02520 ("**Chen suit**"). A copy of the complaint in the Chen suit is attached hereto as Exhibit D.

v. *Hui v. Chojnacki,* United States District Court for the Northern District of Illinois, No. 1:23-cv-03430 ("**Hui suit**"). A copy of the complaint in the Hui suit is attached hereto as Exhibit E.

vi. *Said v. Chojnacki,* United States District Court for the Northern District of Illinois, No. 1:23-cv-02858 ("**Said suit**"). A copy of the complaint in the Said suit is attached hereto as Exhibit F.

vii. *Fernandez v. Deodar, Evergreen & Butternut EC LLC*, United States District Court for the Northern District of Illinois, No. 1:23-cv-04406 ("**Fernandez suit**"). A copy of the complaint in the Fernandez suit is attached hereto as Exhibit G.

viii. *Malik v. Prairie Raynor LLC,* United States District Court for the Northern District of Illinois, No. 1:23-CV-012182 ("**Malik suit**"). A copy of the complaint in the Malik suit is attached hereto as Exhibit H.

ix. *Shankar v. Fairview Avenue Properties LLC,* United States District Court for the Northern District of Illinois, No. 12:23-cv-01469 ("**Shankar suit**"). A copy of the complaint in the Shankar suit is attached hereto as Exhibit I.

x. *Weiner v. Chojnacki,* United States District Court for the Northern District of Illinois, No. 1:23-cv-16573 ("**Weiner suit**"). A copy of the complaint in the Weiner suit is attached hereto as Exhibit J.

xi. *Sor v. TCF National Holdings, Inc.,* No. 1:23-cv-02401 ("**Sor suit**"). A copy of the complaint in the Sor suit is attached hereto as Exhibit K.

xii. *Stafford v. Chojnacki,* United States District Court for the Northern District of Illinois, No. 1:23-cv-03173 ("**Stafford suit**"). A copy of the complaint in the Stafford suit is attached hereto as Exhibit L.

xiii. *Lin v. Chojnacki, et al.*, United States District Court for the Northern District of Illinois, No. 1:23-cv-03725 ("**Lin suit**"). A copy of the complaint in the Lin suit is attached hereto as Exhibit M.

**JURISDICTION AND VENUE**

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is a civil action founded on diversity of citizenship including Defendants, who do business or reside within this District, and because this case involves coverage under an insurance policy issued in this District and/or liability insurance claims for lawsuits pending within this District arising from events that allegedly happened in this District.

**FACTS**

11. Hartford is providing a defense under a reservation of rights in the Underlying Suits to Mikosz, Chojnacki, and Rixer, all of whom are alleged to be real estate brokers who worked for Chase and participated in defrauding the underlying plaintiffs by misrepresenting the identity of sellers in real estate transactions in which the Underlying Plaintiffs were purchasers, by misrepresenting the financial condition of the properties involved in such transactions, and failing to disclose that the companies performing renovations on the properties were in fact owned by Mikosz, Chojnacki, and/or Rixer. Hartford is also providing a defense under a reservation of rights in the Underlying Suits to Chase.

12. Some of the Underlying Suits allege that Kathleen Long, Chojnacki's roommate and "paramour" was also a participant in the alleged fraud because she or a company she owned was the actual seller of some of the properties.

**HARTFORD'S POLICY**

13. Hartford Fire Insurance Company issued Policy 83 OH0387133 (the "**Policy**") to Chase for the policy period of May 15, 2022, to May 15, 2023. The Retroactive date is May 15, 2019. A copy of

the Policy is attached hereto as Exhibit N. The Policy is written on a Claims Made and Reported basis and, subject to all its terms, provides certain Professional Liability Coverage with limits of $1,000,000 per claim and $1,000,000 in the Aggregate subject to a $2,500 per claim deductible.

14. Subject to all its terms, the Policy provides real estate agent professional liability coverage as follows:

> The Insurer shall pay **Loss** on behalf of the **Insureds** resulting from a **Professional Services Claim** first made against the Insureds during the **Policy Period** or Extended Reporting Period, if applicable, for a **Professional Services Wrongful Act** (which occurred subsequent to the **Retroactive Date**) by the **Insureds** or by any person for whose **Professional Services Wrongful Acts** the **Insureds** are legally responsible.

See Exhibit N [2], p. 5.

15. The Policy defines **Insureds** to include an **Insured Person**, and it defines **Insured Person** to include employees and independent contractors if such person was performing **Professional Services** at the time of an alleged **Wrongful Act** on behalf of an **Insured Entity** like Chase. See, Exhibit N, p. 16.

16. Chojnacki, Mikosz and Rixer, are all alleged to be employees or agents of Chase in the Underlying Suits. See Exhibits A-M.

17. The Policy defines "**Professional Services Wrongful Act**" to mean "an actual or alleged negligent act, error or omission in the performance of or the failure to perform **Professional Services.**" See, Exhibit N**.,** p. 17.

18. "**Professional Services**" is defined to mean "**Real Estate Services** performed by the **Insured** in the ordinary conduct of its profession, for Client Entity(ies) for a fee" See, Exhibit N, p. 17.

19. "**Real Estate Services**" is defined to mean "services performed by you or on your behalf for others as a real estate agent, real estate broker, real estate salesperson . . . real estate independent contractor, real estate consultant or counselor. . .". See, Exhibit N, p. 17.

---

[2] Bold terms are defined in the Policy. The pages of the Policy have been numbered in the lower righthand corner for ease of reference.

5

## COUNT I
## NO COVERAGE FOR PROPERTY OWNED BY OR IN WHICH ANY INSURED HAS A FINANCIAL INTEREST

20. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 19 above as if fully set forth herein.

21. The Policy excludes coverage for any **Loss**:

> **(23)** In connection with any **Claim** based upon, arising from or in any way related to property developed, constructed, owned or to be purchased by any **insured** or by any entity in which any **Insured** has a financial interest, or by any entity coming under the same financial control as an **insured.**

See, Exhibit N, p. 20.

22. The Abbas suit is related to properties alleged to be owned by Chojnacki and Rixer. (Exh. A, Par. 57).

23. The Haynes suit is related to property alleged to be owned by Chojnacki's affiliate, paramour, and roommate, Kathleen Long. (Exh. B, Par. 87).

24. The Michel suit is related to property alleged to be owned by Mikosz and her affiliates. (Exh. C, Par. 51).

25. The Chen suit is related to property alleged to be owned by 1st Midwest Financial, Inc., owned by an affiliate of Mikosz and Chojnacki. (Exh. D, Pars. 40, 42).

26. The Hui suit is related to property alleged to be owned by TCF National, owned by Chojnacki's paramour, Kathleen Long. (Exh. E, Par. 45).

27. The Said suit is related to property alleged to be owned by Mikosz and Chojnacki's affiliate. (Exh. F, Par. 54).

28. The Fernandez suit is related to property alleged to be owned by an entity owned by Chojnacki and his paramour, Kathleen Long. (Exh. G, Par. 73).

29. The Malik suit is related to properties alleged to be owned or controlled by Chojnacki. (Exh. H, Par. 53.)

30. The Shankar suit is related to properties alleged to be owned by an LLC controlled by Chojnacki and his affiliates (Exh. I, Par. 53), two properties owned by Chojnacki and Rixer, and a property owned by Chojnacki and his paramour Kathleen Long. (Exh. I, Par. 114).

31. The Weiner suit is related to property alleged to be owned by an affiliate of Mikosz, Chojnacki, and Chase. (Exh. J. Par. 49).

32. The Sor suit is related to property alleged to be owned by TCF National Holdings, Inc., whose President was Chojnacki's paramour Kathleen Long. (Exh. K, Par. 45).

33. The Stafford suit is related to property alleged to be owned by an entity owned and controlled by Chase Real Estate Brokers, Chojnacki and Rixer. (Exh. L, Par. 53).

34. The Lin suit is related to three properties alleged to be owned by 1st Midwest Financial, Inc., owned by an affiliate of Mikosz and Chojnacki and one property alleged to be owned by TCF National Holdings, Inc., whose President was Chojnacki's paramour Kathleen Long. (Exh. M, Pars. 69, 136, 145).

35. Each the Underlying Suits concerns property owned by an alleged insured or by an entity in which an alleged insured has a financial interest, or by an entity coming under the financial control of an insured.

36. Accordingly, coverage is excluded for the claims made in the Underlying Suits and Hartford has no duty to defend or indemnify any person or entity for said claims.

WHEREFORE, Plaintiff Hartford respectfully requests that the Court enter the following relief:

A. A declaration finding that Hartford owes no duty to defend or indemnify Chase, Mikosz, Chojnacki, or Rixer for any of the Underlying Suits; and

B. For all such just and equitable relief, including costs of this suit.

### COUNT II
### NO COVERAGE WHERE PROFESSIONAL SERVICES PERFORMED ON BEHALF OF AN ORGANIZATION CONTROLLED OR MANAGED BY AN INSURED

37. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 36 above as if fully set forth herein.

38. The Policy excludes coverage for any Loss:

7

    (7)    In connection with any **Claim** based upon, arising from or in any way related to **Professional Services** performed by or on behalf of any organization if, at any time when those services were performed, the organization was or was intended to be:

        (a)    directly or indirectly controlled, operated or managed by an **Insured; or**

        (b)    owned by an **Insured,** or by a spouse of any **Insured…**

See, Exhibit N, p. 18.

39. The Underlying Suits make allegations of professional services performed by entities owned, directly or indirectly controlled, operated or managed by Chojnacki, including e.g., EJ Investment Group, Inc., Mainstreet Property Management LLC, Citipoint Illinois LLC Illinois Assets LLC, TCF National Holdings, Inc., and Mon Ami TCF LLC. See, Exhibits A-M.

40. The Policy excludes coverage for Losses alleged in the Underlying Suits related to **Real Estate Services** performed by or on behalf of the organizations directly or indirectly controlled or managed by Chojnacki or any other insured. See, Exhibit N.

41. Accordingly, coverage is excluded for the claims made in the Underlying Suits and Hartford has no duty to defend or indemnify any person or entity for said claims.

WHEREFORE, Plaintiff Hartford respectfully requests that the Court enter the following relief:

A. A declaration finding that Hartford owes no duty to defend or indemnify Chase, Mikosz, Chojnacki, or Rixer in any of the Underlying Suits; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT III
### NO COVERAGE FOR CLAIMS RELATED TO REAL ESTATE INVESTMENT BUSINESS ENTITIES THAT THE INSURED HAS A PARTICIPATING INTEREST IN

42. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 41 above as if fully set forth herein.

43. The Policy excludes coverage for any **Loss**:

    **(22)**    In connection with any **Claim** based upon, arising from or in any way related to the formation, promotion, syndication, operation or

8

> administration of any property syndication, real estate investment trust or any corporation, general or limited partnership or joint venture formed for the purpose of investing in, buying, selling or maintaining real property including those syndication, trusts, real estate investment trusts, corporations, partnerships or joint ventures in which the **Insured** has, had or intended to have a participating interest directly or indirectly in the profits or losses thereof.

See, Exhibit N, p. 20.

44. As stated in more detail above, each of the Underlying Suits concerns property owned, directly or indirectly controlled, by an alleged insured or by an entity in which an alleged insured has a financial interest, or by an entity coming under the financial control of an insured. See, Exhibits A-M.

45. The Underlying Suits allege that Chojnacki's "roommate and paramour," Kathleen Long and/or Rixer purchased Properties through a series of LLCs shortly before they were resold to the Plaintiffs at a significant markup. See, Exhibits E, G, and K.

46. The Policy excludes coverage for **Losses** alleged in the Underlying Suits "…related to the formation, promotion…operation or administration of any property syndication, real estate investment trust, or any [business entity] formed for the purpose of investing in, buying, selling or maintaining real property…including those [business entities] in which the Insured has, had, or intended to have a participating interest directly or indirectly in the profits or losses thereof." See, Exhibit N.

47. Accordingly, coverage is excluded for the claims made in the Underlying Suits and Hartford has no duty to defend or indemnify any person or entity for said claims.

WHEREFORE, Plaintiff Hartford respectfully requests that the Court enter the following relief:

A. A declaration finding that Hartford owes no duty to defend or indemnify Chase, Mikosz, Chojnacki, or Rixer in any of the Underlying Suits; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT IV
## VIOLATION OF CONSUMER PROTECTION
## LAWS EXCLUSION PRECLUDES COVERAGE

48. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 47 above as if fully set forth herein.

49. The Policy provides, the Insurer shall not pay **Loss:**

   **(11)** In connection with any **Claim** based upon, arising from, or in any way related to any actual or alleged:

   (a) antitrust activities
   (b) unfair trade practices
   (c) violation of any consumer protection laws.

See, Exhibit N, p. 19.

50. The Underlying Suits each allege violations of the Racketeer Influenced and Corrupt Organizations Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, and the Illinois Real Estate Licensing Act. See, Exhibits A-M.

51. The Policy provides no coverage for loss in connection with claims related to the consumer protection laws cited above.

52. Accordingly, coverage is excluded for the claims made in the Underlying Suits and Hartford has no duty to defend or indemnify any person or entity for said claims.

WHEREFORE, Plaintiff Hartford respectfully requests that the Court enter the following relief:

A. A declaration finding that Hartford owes no duty to defend or indemnify Chase, Mikosz, Chojnacki, or Rixer in any of the Underlying Suits; and

B. For all such just and equitable relief, including costs of suit.

## COUNT V
## NO COVERAGE FOR REPRESENTATIONS
## OF FUTURE VALUES OF REAL PROPERTY

53. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 52 above as if fully set forth herein.

54. The Policy excludes coverage for **Loss**:

10

> **(19)** In connection with any **Claim** based upon, arising from or in any way related to feasibility studies, future market valuations or any promise, guaranty, representation or warranty, either expressed or implied, made by an **Insured**, pertaining to the future values of real property or investments

See, Exhibit N, p. 20.

55. The Underlying suits allege that various insureds made representations to plaintiffs pertaining to the future value of the real property being sold to the Underlying Plaintiffs. See, Exhibit A-M.

56. Coverage for the Underlying Suits is thus excluded by the exclusion for representations made by an **Insured** pertaining to the future values of real property, and Hartford has no duty to defend or indemnify any person or entity for said claims.

WHEREFORE, Plaintiff Hartford respectfully requests that the Court enter the following relief:

A. A declaration finding that Hartford owes no duty to defend or indemnify Chase, Mikosz, Chojnacki, or Rixer in any of the Underlying Suits; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT VI
## NO COVERAGE BECAUSE OF
## INSURED'S FAILURE TO DISCLOSE DUAL AGENCY

57. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 56 above as if fully set forth herein.

58. The Policy excludes coverage for **Loss**:

> **(20)** In connection with any Claim based upon, arising from or in any way related to the **Insured's** activities as a dual agent in real estate transactions where the **Insured** failed to disclose its dual agency status in writing to all parties and where all parties did not consent to the dual agency in writing.

See, Exhibit N, p. 20.

59. The Underlying Suits allege that the insureds engaged in activities as dual agents without disclosing the dual agency in writing or obtaining written consent. See, Exhibits A-M.

60. Coverage for the Underlying Suits is thus excluded by the exclusion for Claims related to the failure by the **Insured** to disclose in writing the **Insured's** activities as a dual agent and obtain written consent and Hartford has no duty to defend or indemnify any person or entity for said claims.

WHEREFORE, Plaintiff Hartford respectfully requests that the Court enter the following relief:

A. A declaration finding that Hartford owes no duty to defend or indemnify Chase, Mikosz, Chojnacki, or Rixer in any of the Underlying Suits; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT VII
## NO COVERAGE FOR CLAIMS RELATING TO SALES OF INVESTMENTS

61. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 60 above as if fully set forth herein.

62. The Policy provides:

The insurer shall not pay **Loss:**

> **(17)** In connection with any Claim based upon, arising from or in any way related to the actual or alleged sale or promotion of any securities or other investments including any actual or alleged violations of any securities laws or regulations.

Exhibit N, p. 19.

63. The Underlying Suits each allege **Loss** arising from the sale of investment property. See, Exhibits A-L. Therefore, coverage for the Underlying Suits under the Policy is barred by the exclusion for claims related to the sale of investments and Hartford has no duty to defend or indemnify any person or entity for said claims.

WHEREFORE, Plaintiff Hartford respectfully requests that the Court enter the following relief:

A. A declaration finding that Hartford owes no duty to defend or indemnify Chase, Mikosz, Chojnacki, or Rixer in any of the Underlying Suits; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT VIII
## NO COVERAGE FOR GAINING OF PERSONAL PROFIT AND
## INTENTIONAL WRONGFUL ACTS, AND ACTUAL OR ALLEGED CRIMINAL ACTS

64. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 63 above as if fully set forth herein.

65. The Policy provides:

    **(A)** The Insurer shall not pay **Loss:**

        **(5)** Of an **Insured,** based upon, arising from, or in any way related to

            (a) the gaining of any personal profit, remuneration or financial advantage to which such **Insured** is not legally entitled if a judgment or other non-appealable final adjudication in the underlying action establishes that such gain did occur;

            (b) of an **Insured,** based upon, arising from, or in any way related to any intentional **Wrongful Act** or any deliberately fraudulent act or omission or any willful violation of law by such **Insured** if a judgment or other non-appealable final adjudication in the underlying action establishes such an act, omission or violation; or

            (c) in connection with any **claim** based upon, arising from, or in any way related to any actual or alleged criminal acts or actions.

Exhibit N, p. 18.

66. The Underlying Suits allege wrongful gaining of personal profit, intentional Wrongful Acts and criminal acts.

67. Accordingly, coverage for the Underlying Suits under the Policy is excluded by the provision precluding coverage for the gaining of personal profit, intentional **Wrongful Acts,** and criminal acts and Hartford has no duty to defend or indemnify any person or entity for said claims.

WHEREFORE, Plaintiff Hartford respectfully requests that the Court enter the following relief:

A.     A declaration finding that Hartford owes no duty to defend or indemnify Chase, Mikosz, Chojnacki, or Rixer in any of the Underlying Suits; and

B.     For all such just and equitable relief, including costs of this suit.

## COUNT IX
## NO COVERAGE FOR CHOJNACKI, MIKOSZ OR RIXER
## EXCEPT FOR PROFESSIONAL SERVICES ON BEHALF OF CHASE

68. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 67 above as if fully set forth herein.

69. The Underlying Suits allege that Chojnacki, Mikosz and Rixer were brokers and/or agents working for Chase.

70. The policy provides coverage for Chojnacki, Mikosz and Rixer as insureds only to the extent that they were performing **Professional Services** on behalf of Chase. Exhibit N, p. 16.

71. To the extent that the Underlying Suits allege that Chojnacki, Mikosz and Rixer were not performing **Professional Services** and/or were not acting on behalf of Chase, the Policy provides no coverage for them.

WHEREFORE, Plaintiff Hartford respectfully requests that the Court enter the following relief:

A. A declaration finding that Hartford owes no duty to defend or indemnify Chase, Mikosz, Chojnacki, or Rixer in any of the Underlying Suits; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT X
## IN THE ALTERNATIVE, IF THERE IS COVERAGE UNDER THE POLICY FOR THE UNDERLYING SUITS, THEY WOULD BE TREATED AS A SINGLE CLAIM SUBJECT TO A SINGLE CLAIM/AGGREGATE POLICY LIMIT

72. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 71 above as if fully set forth herein.

73. Section X of the Policy provides:

**Section X. INTERELATIONSHIP OF CLAIMS**

Solely with respect to all **Liability Coverage Parts:**

All **Claims** based upon, arising from or in any way related to the same **Wrongful Act** or **Interrelated Wrongful Acts** shall be deemed to be a single **Claim** for all purposes under this Policy first made on the earliest date that:

  (A) any of such **Claims** was first made, regardless of whether such date is before or during the Policy Period; . . ..

See Exhibit N, p. 9.

74. Section II of the Policy provides the following definition:

**"Interrelated Wrongful Acts"** means Wrongful Acts that have as a common nexus any fact, circumstance, situation, event, or transaction, or series of causally connected facts, circumstances, situations, events, or transactions.

See Exhibit N, p. 5.

75. The Policy states the following in Section IX:

**IV. LIMIT OF LIABILITY**

  **(A)** The Limit of Liability for each **Liability Coverage Part** in ITEM 4 of the Declarations shall be the maximum aggregate amount that the insurer shall pay under such Coverage Part for all **Loss** from all **Claims** covered under such Coverage Part.

  **(B)** If any Limit of Liability or Limit of Insurance is exhausted, the premium for this Policy shall be deemed fully earned.

See Exhibit N, p. 6.

76. The Underlying Suits allegedly arise from a common scheme pursuant to which the defendants induced the Underlying Plaintiffs to purchase real estate properties, misrepresented the identity of the sellers, the condition of the properties, the financial relationship between the sellers and companies performing renovations on the properties, and submitted false invoices for payment and concealed defects in the properties.

77. Chase moved to have the thirteen Underlying Suits then pending treated as "related cases" for purposes of Local Rule 40.4 and reassigned to Judge Virginia Kendall. In support of that motion, Chase admitted that the claims in the Underlying Suits are interrelated:

> "While the named defendants vary somewhat from case to case, each case involves the same core set of individuals and the various entities that they allegedly owned or controlled. Moreover, the same law and authorities apply to the [statutes] and relate to the same core of operative facts surrounding the alleged wrongdoing. Therefore, the instant case and the related cares are "related" with the meaning of LR 40.4(a)(2) because they involve the same issues of fact and law."

See Exhibit O, Unopposed Motion to Reassign based on Relatedness, Malik case, ECF No. 41, p. 3.

15

78. Accordingly, if the Policy covers any of the Underlying Suits, which is not the case, they would be treated as a single **claim** made within the policy period of May 15, 2022, to May 15, 2023, and subject to a single claim/aggregate policy limit which is eroded by both Claim Expenses and Damages.

WHEREFORE, Plaintiff Hartford respectfully requests that the Court enter the following relief:

A. A declaration finding that Hartford owes no duty to defend or indemnify Chase, Mikosz, Chojnacki, or Rixer in any of the Underlying Suits;

B. In the alternative, a declaration finding that if there is coverage for any of the Underlying Suits under the Policy, they involve a single **claim** subject to a single policy limit and a declaration: and

C. For all such just and equitable relief, including costs of this suit.

Respectfully Submitted,

By: /s/ *Michael J. Duffy*
One of the Attorneys for Hartford Fire Insurance Company

Michael J. Duffy – 619666
Michael J. O'Malley - 6308059
Alan M. Posner – 2237695
Wilson Elser Moskowitz Edelman & Dicker, LLP
55 West Monroe Street, Suite 3800
Chicago, IL  60603
(312) 704-0550
Michael.duffy@wilsonelser.com
Michael.o'malley@wilsonelser.com
Alan.posner@wilsonelser.com