UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Hartford Fire Insurance Company, | ) |
| Plaintiff, | ) |
| v. | ) No. 24-cv-8367 |
| | ) Judge April M. Perry |
| Chase Real Estate, LLC, Lori Mikosz, Marcin Chojnacki, and Robert Rixer, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Hartford Fire Insurance Company ("Hartford") initiated this declaratory judgment proceeding to determine its rights and obligations to Defendants Chase Real Estate, LLC ("Chase"), Lori Mikosz ("Mikosz"), Marcin Chojnacki ("Chojnacki"), and Robert Rixer ("Rixer") under an insurance policy (the "Policy") Hartford issued to Chase. Specifically, this case involves whether Hartford owes a duty to defend and indemnify Chase, Mikosz, Chojnacki, and Rixer for thirteen underlying federal lawsuits filed against them (the "Underlying Suits"). Chase moves to dismiss in part, arguing that four of the exclusions to coverage raised by Hartford do not apply.[1] For the reasons that follow, the Court grants in part and denies in part Chase's motion.

## BACKGROUND

Hartford is an insurance company, and Chase is a real estate company. The insurance policy Hartford issued to Chase covered professional liability for Chase's real estate agents. Specifically, the Policy covered actual or alleged negligent acts, errors, or omissions of Chase's

---

[1] Chase's motion also argues that Hartford failed to join necessary parties to the suit, but that portion of the motion has been mooted by the Court's order granting the motion to intervene. Doc. 66.

employees or independent contractors. Mikosz, Chojnacki and Rixer are each alleged in the Underlying Suits to have been employees or real estate agents of Chase during the relevant time period.

The specific allegations in the Underlying Suits differ by complaint but generally center around the allegation that Mikosz, Chojnacki and Rixer defrauded real estate buyers by "misrepresenting the identity of sellers in real estate transactions in which the Underlying Plaintiffs were purchasers, by misrepresenting the financial condition of the properties involved in such transactions," and by "failing to disclose that the companies performing renovations on the properties were in fact owned by Mikosz, Chojnacki, and/or Rixer." Doc. 1 ¶ 11. Some of the Underling Suits also allege that Kathleen Long, Chojnacki's roommate and "paramour" participated in the alleged fraud because she or a company she owned was the seller. *Id.* ¶ 12.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. FED. R. CIV. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). On a motion to dismiss for failure to state a claim, the court accepts as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016). Conclusory

allegations and naked assertions, however, are not entitled to such treatment. *See Twombly*, 550 U.S. at 555–57.

## ANALYSIS

The parties agree that Illinois law determines Hartford's duty to defend. Under Illinois law, the duty to defend is only excused if "it is clear from the face of the [underlying] complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage." *Int'l Ins. Co. v. Rollprint Packaging Prods., Inc.*, 728 N.E.2d 680, 688 (Ill. App. Ct. 2000).

"When construing the language of an insurance policy" to determine coverage, "a court's primary objective is to ascertain and give effect to the intentions of the parties as expressed by the words of the policy." *Rich v. Principal Life Ins.*, 875 N.E.2d 1082, 1090 (Ill. 2007). The policy "is to be construed as a whole, giving effect to every provision" and "taking into account the type of insurance provided, the nature of the risks involved, and the overall purpose of the contract." *Id.* "If the words used in the insurance policy are reasonably susceptible to more than one meaning, they are considered ambiguous and will be construed strictly against the insurer who drafted the policy," particularly "with respect to provisions that limit or exclude coverage." *Id.* "If the words used in the policy are clear and unambiguous, they must be given their plain, ordinary, and popular meaning, and the policy will be applied as written, unless it contravenes public policy." *Id.* (internal citations omitted).

### A. Future Values Exclusion

Chase moves to dismiss Count V, which alleges that Hartford has no duty to defend or indemnify Chase due to the Policy exclusion for representations pertaining to future values (the "Future Values Exclusion"). Under the Future Values Exclusion, the Policy excludes coverage:

> In connection with any **Claim** based upon, arising from or in any way related to feasibility studies, future market valuations or any promise, guaranty, representation or warranty, either expressed or implied, made by an **Insured**, pertaining to the future values of real property or investments.

Doc. 1 ¶ 54. Chase argues that neither the complaint nor Underlying Suits involve allegations of representations as to future values, and therefore Hartford cannot plausibly allege that the Future Values Exclusion applies.

When deciding a motion to dismiss, courts "may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). The Court therefore considers the contents of the Underlying Complaints, which are both attached to Hartford's complaint and central to it. Here, the Underlying Complaints include allegations that Mikosz and Chojnacki made representations that the purchased properties would be profitable and could expect to generate substantial cash flow. *See* Doc. 74. During oral argument, Hartford argued that these representations are attributable to Chase because Chase is liable for the representations of its agents. For the purposes of the motion to dismiss, the Court agrees that these allegations suffice to state a plausible claim for relief under the Future Values Exclusion. Chase's motion to dismiss Count V is denied.

### B. Dual Agency Exclusion

Chase also moves to dismiss Count VI, which alleges that Hartford has no duty to defend or indemnify Chase due to the Policy exclusion for failure to disclose a dual agency (the "Dual Agency Exclusion"). The Dual Agency Exclusion provides that the Policy does not cover loss:

> In connection with any Claim based upon, arising from or in any way related to the **Insured's** activities as a dual agent in real estate

> transactions where the **Insured** failed to disclose its dual agency status in writing to all parties and where all parties did not consent to the dual agency in writing.

Doc. 1 ¶ 58.

The complaint alleges that each Underlying Suit involves claims that the Defendants failed to disclose and misrepresented that they represented, were affiliates of, or were direct agents of the seller. Doc. 1 ¶ 2. The complaint does not explicitly allege that the Underlying Suits involve allegations that the Defendants also represented or acted as an agent of the buyers. However, the Underlying Complaints allege that Chase fraudulently misrepresented that it represented the Underlying Plaintiffs as buyers in the real estate transactions. *See, e.g.* Doc 1-1 Ex. A ¶ 134; Ex. B ¶ 143; Ex. C ¶ 163; Ex. D ¶ 173; Ex. E ¶ 175; Ex. F ¶ 127; Ex. G ¶ 165; Ex. H ¶ 133; Ex I ¶ 224; Ex J ¶ 189; Ex. K ¶ 127; Ex. L ¶ 161. Putting together the allegations in the complaint with the allegations in the Underlying Suits, there are facts to suggest that Chase represented both the buyer and seller in the relevant real estate purchases. The Court thus finds that Hartford plausibly stated a claim that the Dual Agency Exclusion could apply.[2]

Chase's argument to the contrary is not persuasive. Specifically, Chase argues that a dual agency theory of the underlying conduct fails because the purchasing agreements relevant to the underlying real estate sales listed Chase only as the buyer's broker, and disclaim that Chase acted as a dual agent, which is controlling under Illinois law as to whether dual agency existed. That may be correct, but when deciding a motion to dismiss, the Court relies on the allegations in the underlying complaint and the theory of the case as alleged by the underlying plaintiffs, not the ultimate merit of that theory. *See United Fire & Cas. Co. v. Prate Roofing & Installations, LLC*,

---

[2] In so finding, the Court does not make a determination which might conflict with a crucial issue of fact in the Underlying Suits. Rather, the Court simply finds that the Underlying Suits' allegations, true or false, might plausibly bring those suits' claims within the Policy's Dual Agency Exclusion.

7 F.4th 573, 580 (7th Cir. 2021) (explaining that merit of underlying claim does not resolve duty to defend). At this stage of proceedings, the Court is bound by the allegations in the complaint and Underlying Suits. Chase's motion to dismiss Count VI is therefore denied.

### C. Investment Sale Exclusion

Next, Chase argues Hartford failed to adequately plead in Count VII that the exclusion for claims relating to sales of investments (the "Investment Sale Exclusion") applies. The Investment Sale Exclusion provides that the Policy does not cover loss:

> In connection with any Claim based upon, arising from or in any way related to the actual or alleged sale or promotion of any securities or other investments including any actual or alleged violations of any securities laws or regulations.

Doc. 1 ¶ 62. Hartford argues that this exclusion applies because it alleged that each of the Underling Suits arose from the sale of investment properties. *Id.* ¶ 63. Chase argues that this exclusion does not apply because the purchase agreements in the Underlying Suits do not constitute "investment contracts" under Illinois law. In support of this argument, Chase cites cases interpreting the Illinois Securities Law of 1953, which regulates securities registration and defines the term "security" to include any "investment contract." 815 ILCS 5/2.1. Cases applying this definition to real estate sales have required certain attributes not present here for the sale to constitute an "investment contract." *See, e.g.*, *Goldberg v. 401 N. Wabash Venture LLC*, 755 F.3d 456, 464 (7th Cir. 2014) (finding purchase agreement was not an investment contract because it did not involve a common enterprise).

Hartford responds that Chase's argument is based on the legal merit of its claim and not relevant to whether it plausibly stated a claim under Rule 12(b)(6). At oral argument, Hartford also added that Chase's proposed interpretation is not consistent with the principle that words in a contract are to be given their plain and ordinary meaning.

First, the Court believes Chase's argument is an appropriate one to raise under Rule 12(b)(6) insofar as Hartford would not have a right to relief if its factual allegations taken as true did not plausibly entitle it to legal relief. Indeed, courts regularly decide legal issues relevant to an insurer's duties at the motion to dismiss stage. *E.g.*, *Great Am. Ins. v. State Farm Fire & Cas. Co.*, 104 F.4th 1011, 1014 (7th Cir. 2024) (reviewing de novo district court's decision on motion to dismiss to decide insurer's duty to defend). That said, the Court is persuaded by Hartford's argument that words in a contract should generally be given their plain and ordinary meaning without resorting to statutory definitions not clearly intended by the parties. The Policy does not define "security or other investment." The Policy did not use the phrase "investment contract" nor indicate that it was incorporating the Illinois Securities Law of 1953. Insurance policies are contracts, and the Court's primary objective in interpreting insurance policies is to "give effect to the intentions of the parties as expressed by the words of the policy." *Rich v. Principal Life Ins.*, 875 N.E.2d 1082, 1090 (Ill. 2007). Thus, Chase's argument that Illinois cases interpreting investment contracts to exclude the kinds of contracts at issue in the Underlying Suits, while potentially relevant, does not warrant the Court dismissing Hartford's Investment Sale Exclusion claim for failure to state a claim. Chase's motion to dismiss Count VII is denied.

**D.  Exclusion for Intentional, Wrongful or Criminal Acts**

Finally, Chase argues Hartford failed to adequately plead Count VIII, which alleges that coverage does not extend to claims arising from personal profit or wrongful, intentional, or criminal acts (the "Intentional, Wrongful or Criminal Acts Exclusion"). The Intentional, Wrongful or Criminal Acts Exclusion provides that the Policy does not cover loss:

> based upon, arising from, or in any way related to
>
> (a) the gaining of any personal profit, remuneration or financial advantage to which such **Insured** is not legally entitled if a

       judgment or other non-appealable final adjudication in the underlying action establishes that such gain did occur;

(b) of an **Insured,** based upon, arising from, or in any way related to any intentional **Wrongful Act** or any deliberately fraudulent act or omission or any willful violation of law by such **Insured** if a judgment or other non-appealable final adjudication in the underlying action establishes such an act, omission or violation; or

(c) in connection with any **claim** based upon, arising from, or in any way related to any actual or alleged criminal acts or actions.

Doc. 1 ¶ 65. Chase argues that the Intentional, Wrongful or Criminal Acts Exclusion does not apply because Hartford has not alleged that there has been a final adjudication in the Underlying Suits establishing that Chase gained a personal profit to which it was not legally entitled or engaged in intentional, wrongful conduct or deliberate fraud. Hartford concedes that no final judgment has been entered but argues that there is a strong possibility based on the allegations in the Underlying Suits that such a judgment may occur. To Hartford, that makes its allegations here plausible enough to survive a motion to dismiss.

     Hartford appears to misunderstand the relevant standard. Hartford "can seek relief only for events that have already occurred." *Chicago Reg'l Council of Carpenters v. Vill. of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011). On the facts as alleged, Hartford is not plausibly entitled to relief—parts (a) and (b) of the exclusion clearly do not apply until there is a final adjudication, which there has not been. The plausibility Hartford argues is whether it is plausible that there might be a change in material facts entitling it to relief. But the dismissal standard does not ask whether it is plausible that on a different set of facts the plaintiff might be entitled to relief; it asks whether the Court can reasonably infer from the facts as alleged that plaintiff is plausibly entitled to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, the Court cannot. Should the relevant facts change, Hartford may seek to amend its complaint.

Finally, Chase argues that part (c) does not apply because Hartford has not pled any actual or alleged criminal acts in its complaint. Hartford does not respond to this argument, and the Court deems it waived. Therefore, Count VIII is dismissed in its entirety.

## CONCLUSION

For the foregoing reasons, the Court dismisses Count VIII. The Court denies dismissal as to Counts V through VII.

Dated: June 20, 2025

_____
APRIL M. PERRY
United States District Judge